# Fullmer v. New York Central & Hudson River Railroad Company, Appellant.

*Negligence—Railroads—Master and servant—Fellow servant—Car inspector—Brakeman.*

Where an inspector of air brakes, in working under a car in a railroad freight yard is injured by the negligence of a brakeman in failing to open and close certain switches, the inspector cannot recover damages from the railroad company, inasmuch as his injuries were due to the negligence of a fellow servant. In such a case the absence of a signal target which had formerly been in use cannot be considered as the proximate cause of the accident where it appears that its presence would not have reminded the brakeman of his duty, and its absence did not mislead the plaintiff.

Argued March 14, 1904. Appeal, No. 45, Jan. T., 1904, by defendant, from judgment of C. P. Lycoming Co., June T., 1903, No. 360, on verdict for plaintiff in case of Herman Fullmer v. New York Central & Hudson River Railroad Company. Before DEAN, FELL, MESTREZAT, POTTER and THOMPSON, JJ. Reversed.

Trespass to recover damages for personal injuries. Before HART, P. J.

The facts are stated in the opinion of the Supreme Court.

At the trial the jury returned a verdict for plaintiff for

$8,000, subject to question of law reserved. Subsequently the court entered judgment on the verdict.

*Error assigned* among others was in not entering judgment for defendant non obstante veredicto.

*Seth T. McCormick*, for appellant.—Negligence of a fellow servant was the proximate cause of the injury : Casey v. Penna. Asphalt Paving Co., 198 Pa. 348; Hughes v. Leonard, 199 Pa. 123; Duncan v. Roberts Co., 194 Pa. 563 ; Velas v. Patton Coal Co., 197 Pa. 380 ; Valentine v. Colburn Co., 10 Pa. Superior Ct. 453 ; Prevost v. Citizens' Ice & Refrigerating Co., 185 Pa. 617 ; Keystone Bridge Co. v. Kennedy, 9 W. N. C. 552.

The absence of the switch target or other safety device was not the proximate cause of the injury : Chicago G. W. Ry. Co. v. Price, 16 Am. & Eng. R. R. Cases (N. S.), 324; Bunting v. Hogsett, 139 Pa. 363; Willis v. Amstrong Co., 183 Pa. 184; R. R. Co. v. Tribble, 3 Am. & Eng. R. R. Cases (N. S.), 632; Louisville, etc., Ry. Co. v. Southwick, 16 Ind. App. 486 (44 N. E. Repr. 263) ; Cochran v. Phila., etc., R. R. Co., 184 Pa. 565 ; Snyder v. Penna. R. R. Co., 205 Pa. 619.

It cannot be said that the negligence in not having a switch target concurred with the negligence of Hollins to produce the accident, because, as was held in the case of Dixon v. Butler Township, 4 Pa. Superior Ct. 333, in order that two distinct causes of negligence shall be concurring, they must be operating at the same time to produce a different result than might be produced by either. If they are unrelated in their operation, they cannot be concurrent: Chicago, etc., Ry. Co. v. Elliott, 55 Fed. Rep. 949 ; Baltimore & Ohio R. R. Co. v. School Dist., 96 Pa. 65; Savitz v. Lehigh, etc., R. R. Co., 199 Pa. 218 ; R. R. Co. v. Driscoll, 12 Am. & Eng. R. R. Cases (N. S.), 644; Ahern v. Melvin, 21 Pa. Superior Ct. 462.

*Otto G. Kaupp*, with him *W. R. Peoples*, for appellee.—If a master subject his servants to dangers such as he ought to provide against, he is liable for any accident resulting from them : Patterson v. Pittsburg & Connellsville R. R. Co., 76 Pa. 389 ; Penna. & New York Canal & R. R. Co. v. Mason, 109 Pa. 296 ; Chicago, Milwaukee, etc., Ry. Co. v. Ross, 112 U. S. 377 (5 Sup. Ct. Repr. 184).

The duty of inspection and proper repair of the switch target, and repair track was on the appellant, and this duty could not be delegated : Philadelphia & Reading R. R. Co. v. Huber, 128 Pa. 63 ; Penna. & New York Canal & R. R. Co. v. Mason, 109 Pa. 301.

OPINION BY MR. JUSTICE FELL, April 11, 1904 :

The plaintiff was employed in the defendant's repair yard to inspect and repair air brakes.  All the tracks in the yard were connected at one end with a track by means of which cars were transferred to different parts of the yard.  The tracks and switches were in the exclusive use of the yard crew, and when men were working under the cars a blue flag was used as a signal of warning to this crew.  The plaintiff had been employed in the yard nearly a year, was familiar with its management, and knew the dangers incident to his employment.  On the morning of the accident, while working under a car on track No. 6, which was the outside track on the south side of the yard, he was notified that a freight car which had been placed on this track the night before was to be removed.  He left his work while this was being done.  When he returned a few minutes later, he looked to see whether the blue flag had been replaced and where the yard crew were.  He saw a fellow workman in the act of replacing the blue flag between the rails of track No. 6 and saw the crew at work on the connecting track between tracks No. 8 and No. 10.  He then resumed his work under the car.

The crew after removing the car from track No. 6 took a train of cars from another track to transfer them to different parts of the yard.  They placed two cars on track No. 10 and then pushed or, in the vernacular of the shifting crew, " kicked " the other cars in order to make them run onto track No. 7.  The brakeman whose duty it was to open and close the switches forgot to open the switch leading onto No. 7 and to close the one connecting No. 6, which he had opened a few minutes before when the car was removed from that track.  He stood at track No. 8 looking north, in the opposite direction from the switch, when the cars passed him.  They ran past track No. 7 and onto track No. 6 and over the blue flag, and collided with the car under which the plaintiff was working.  This brake-

man, called by the plaintiff, testified that it was his duty to close the No. 6 switch and to open the No. 7, that he forgot to do it, and that he did not look in that direction as the cars came down the connecting track.

The negligence alleged was the employment of an incompetent brakeman, and the failure to supply signal targets at the switches. There was no proof in support of the first allegation of negligence. To sustain the second it was shown that at one time a signal target had been in use at the switch connecting track No. 6, and that it had been broken or removed six months or a year before the accident. And testimony was admitted under objection, based on the incompetency of the witness to testify as an expert, to show that targets were in general use in repair yards. The jury were instructed that the brakeman was a fellow servant of the plaintiff and that if his negligence was the proximate cause of the accident, there could be no recovery; but that there could be a recovery if the proximate cause was the failure of the defendant to provide a device necessary for the safety of its workmen and in common use.

The want of a signal was not the proximate cause of the accident, nor did it concur in producing it. Its presence would not have reminded the brakeman of his duty, because he did not look toward track No. 6 but stood with his back to it looking in the opposite direction. Its absence did not mislead the plaintiff, who knew no signal had been in use for months, and who looked only to see that the yard crew had left track No. 6 and that the blue flag was in place. There was only one conclusion to be drawn from the testimony produced by the plaintiff, and this was so clear and free from all doubt that the court should have instructed the jury to find for the defendant. The accident was the direct and immediate result of the negligence of a fellow workman, who opened the switch and forgot to close it.

The judgment is reversed and judgment is now entered for the defendant.